UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN FLORIO, PATRICK COSTELLO, WILLIAM MILLIOS, and TIMOTHY MALLACH,<br><br>                      Plaintiffs,<br><br>              against<br><br>GALLAUDET UNIVERSITY, THE BOARD OF TRUSTEES OF GALLAUDET UNIVERSITY, ROBERTA CORDANO, and WP COMPANY LLC d/b/a THE WASHINGTON POST,<br><br>                      Defendants. | No. 1:21-cv-01565-CRC |

**RESPONSE TO SHOW CAUSE ORDER**

Plaintiffs Steven Florio, Patrick Costello, William Millios, and Timothy Mallach by and through their attorney, Ralph G. Reiser, Esq., hereby file this Response to the Court's February 17, 2022 Minute Order to Show Cause requiring Plaintiffs to show cause why Defendants' Motions to Dismiss the Complaint should not be treated as conceded pursuant to Local Civ. R. 7(b) due to Plaintiffs' failure to file Opposition to said motions within 14 days of service thereof, to wit: by February 15, 2022.

**RELEVANT FACTUAL BACKGROUND**

1. Plaintiffs' Complaint was filed on June 9, 2021. Dkt. No. 1.

2. All Defendants waived service of process of the Complaint and timely filed their Motions to Dismiss the Complaint on October 25, 2021. Dkt. Nos. 12 & 17.

3. Plaintiffs' opposition to the Defendants' motions to dismiss was originally due November 8, 2021 and prior to expiration of that time Plaintiffs filed a timely consent motion

extending such time from November 8, 2021 to November 30, 2021 and granting Defendants a related extension of their time to file their Replies to said Opposition papers. Dkt. No. 18.

4. On November 2, 2021 the Court granted said consent motion and directed that "Plaintiffs shall file their Opposition to the Defendants' Motion to Dismiss on or before November 30, 2021" and further directed that "Defendants file their Reply on or before December 21, 2021."

5. On November 15, 2021 Plaintiffs filed a timely consent motion to correct an oversight in the November 1 motion for an extension of time to file an opposition to Defendants' motions, and requested that Plaintiffs' time to amend Plaintiffs' complaint as of right also be extended until November 30, 2021. Dkt. No. 19.

6. On November 15, 2021 the Court granted Plaintiffs' aforesaid motion and directed that "Plaintiffs shall file an Amended Complaint and/or their Opposition to the Defendants' Motion to Dismiss on or before November 30, 2021. Defendants shall file their Reply, or answer or otherwise respond to any Amended Complaint, on or before December 21, 2021."

7. Thereafter, successive timely motions were made and granted for further extension of time for Plaintiffs to file an Amended Complaint and/or Opposition to Defendants' Motions to Dismiss and further extending Defendants' time to Reply or answer or otherwise respond to any Amended Complaint. Dkt Nos. 20 & 21.

8. On December 22, 2021 the Court granted the last of the aforesaid motions by minute order which directed that "Plaintiff shall serve and file an amended complaint on December 22, 2021. Defendants shall answer or otherwise respond to the amended complaint on or before February 1, 2022."

9. On December 22, 2021, Plaintiffs timely filed an Amended Complaint (Dkt. No. 23)

rendering the Defendants' motions to dismiss the complaint moot.

10. On February 1, 2022 Defendants filed their respective timely Motions to Dismiss the Amended Complaint. Dkt. Nos. 25 and 26.

11. Pursuant to Local Civ. R. 7(b) Plaintiffs' Opposition to each of the Defendants' Motions to Dismiss the Amended Complaint was due on February 15, 2022.

12. Shortly after receiving notice of the Defendants' Motions to Dismiss Plaintiffs' counsel proceeded to enter the due date of the Opposition papers, February 15, 2022 in his pocket size diary book/weekly planner. In doing so, however, it now appears that Plaintiff's Counsel turned one page too far and entered the due date is his said diary book for the following week, on February 22, 2022.

13. For several months prior to and including February, 2022, Plaintiffs' counsel has been experiencing difficulty with his eyesight, including experiencing blurry vision while trying to read and distorted vision. Plaintiff's counsel visited his Opthamologist during November, 2021 and in the course of said visit, Plaintiffs' counsel was advised that examination revealed that he was suffering from the onset of age related macular degeneration.

14. Plaintiffs' counsel verily believes that it was this condition which caused him to not observe that he had entered the due date of the Opposition papers on the wrong page of his diary book for Tuesday of the week of February 21 instead of Tuesday of the week of February 14.

15. Plaintiff's counsel only discovered this error in the early morning hours of February 18, 2022 when he received email notification from the Court of the Show Cause Order issued on February 17, 2022.

16. In the interim between the time the due date of the opposition papers was incorrectly entered in his diary and February 18, plaintiffs' counsel was heavily engaged in preparing for a

state court trial which had been calendared for February 16, 2022 and was marked by the Court as "Settle or Select" meaning that a settlement conference would be held that day and if the case were not settled counsel for the parties would be directed to select a jury and proceed to trial.

17. A settlement in the aforesaid state court case was reached in the late afternoon of February 16.

18. Had the aforesaid case not settled on February 16 and a jury had been selected, Plaintiffs' counsel intended to contact defense counsel herein on February 17 to advise of his engagement and to request an extension of what he believed, based on his diary book entry, to be the February 22 due date of the Opposition Papers.

19. With the state court action having settled on February 16, instead of contacting defense counsel to consent to an extension of time to file opposition to their motion, Plaintiff's counsel spent the day conferring with the Plaintiffs herein and working on the opposition papers.

20. As such, Plaintiffs' counsel was taken by surprise upon receipt of the Show Cause Order of February 17 and thereby discovered that the entry in his diary book of February 22 as the due date for the opposition papers was erroneous.

21. Accordingly, Plaintiffs' counsel has immediately prepared the instant Response to the Show Cause Order herein as well as a motion pursuant to FRCP Rule 6 (b) seeking an extension of time to file Plaintiffs' Opposition Papers on or before February 23, 2022, the date specified by the Court for responding to the Show Cause Order.

## GOOD CAUSE EXIST FOR THE COURT TO NOT TREAT DEFENDANTS' MOTIONS AS CONCEDED

22. It is respectfully submitted that the history of this case establishes an intent and practice on the part of Plaintiffs' counsel to observe deadlines set by the Court and/or Court

Rules and to consult with the opposing parties and seek consent and timely move for extensions of time when deadlines cannot be met.

23. So too, it is submitted that the history of this case also demonstrates a willingness on the part of Plaintiffs' counsel to agree to and request related extensions of time for the Defendants' to act in each instance where their counsel has consented to extension requests made by Plaintiffs' counsel.

24. Similarly the history of this case establishes that Plaintiffs' counsel has always acted in good faith, having diligently and timely sought extensions of time when such extensions have been shown to be necessary, and has not sought to improperly delay this action.

25. The delay resulting from this unintentional, inadvertent and we believe, excusable failure on the part of Plaintiff's counsel is and will be brief, amounting to less than 10 days and can not result in any prejudice whatsoever to the defendants herein. Indeed, Plaintiffs' counsel is willing to agree, as he has in the past, to any extensions of time that are requested by Defense counsel in conjunction with or independent of any extensions sought by Plaintiffs' counsel now and in the future.

26. In drafting the Amended Complaint, Plaintiffs' counsel has sought to address the various grounds raised by Defense counsel in their original motion to dismiss and has expended hours in research and the drafting of the Amended Complaint with a view towards achieving that goal. Having done so, it would serve no purpose for Plaintiffs' counsel to now ignore the Defendants' new motions to dismiss and to cause the motions to be treated as conceded.

27. Plaintiff respectfully submits that not filing timely opposition to the Defendants' motions to dismiss, was administrative oversight and/or inadvertence on its part based upon excusable neglect, contributed to in large part, if not wholly by Plaintiffs' counsel's eyesight

difficulties as hereinbefore described.

28.  Plaintiffs and their counsel respectfully submit that good cause exists for not treating the Defendants' Motions to Dismiss the Amended Complaint as conceded and as a consequence thereof ordering a summary dismissal of this action because they have shown due diligence and a valid reason for the delay.

29.  Plaintiffs and their counsel believe that they have demonstrated continued attentiveness to this case and that no prejudice to Defendants or the Court is present to warrant treating Defendants' motions to dismiss as conceded.

30.  Notwithstanding that this failure on the part of Plaintiffs' counsel was wholly unintended, Plaintiffs and their counsel do apologize to the Court and the Defendants and their counsel for this unfortunate occurrence.

31.  Plaintiffs' counsel has communicated with defense counsel for all defendants who have advised that they will consent to the Court granting a FRCP Rule 6(b) motion for an Extension of Time to file Opposition to the Defendants' motions until February 23, 2022 or such later date as the Court shall determine, and granting the Defendants and their counsel until March 18 to file their respective Replies.  Since the motion will be a consent motion, it will be filed as soon as practicable after defense counsel have been able to review it.  Such motion will be filed as soon as possible and no later than Tuesday, February 22, if not sooner.

## **CONCLUSION**

WHEREFORE, it is respectfully submitted that good cause has been demonstrated herein as to why Defendants' Motions to Dismiss the Complaint should not be treated as conceded pursuant to Local Civ. R. 7(b) inasmuch as to the extent that it was the result of neglect, it was an

excusable neglect which has given rise to only a brief delay and no prejudice to any party.

Dated: Syosset, New York
      February 18, 2022                      /s/ *Ralph G. Reiser*
                                                      Ralph G. Reiser, Esq.
                                                      Attorney for Plaintiffs
                                                      3 Walnut Drive
                                                      PO Box 171
                                                      Syosset, NY 11791
                                                      516-496-9745
                                                      Reiserlaw@aol.com

Case 1:21-cv-01565-CRC   Document 27   Filed 02/19/22   Page 7 of 7